

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-18-00229-CR

**CHRISTOPHER ROLAND FENNER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 18th District Court**
**Somervell County, Texas**
**Trial Court No. 249-00724**

_____

# O P I N I O N

_____

Christopher Roland Fenner pled guilty to the offense of indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(A)(2) (West 2019). The trial court deferred an adjudication of guilt and placed Fenner on community supervision for 10 years.[1] Over six years later, the State moved to proceed with an adjudication of guilt. After a hearing the court adjudicated Fenner guilty and sentenced him to 20 years in prison. Because the trial court erred, in part, in its assessment of attorney's fees, the trial court's judgment is

_____

[1] On the same date, Fenner pled guilty to aggravated assault of a child and was sentenced to five years in prison. That judgment and sentence was not appealed.

modified to delete those fees from the court costs assessed; and there being no other error, the judgment is affirmed as modified.

## REVOCATION OF COMMUNITY SUPERVISION

In his first issue, Fenner complains that the trial court abused its discretion in finding Fenner violated the conditions of his community supervision as alleged in the State's motion to proceed to an adjudication of guilt. The State alleged four violations all of which the trial court found to be true.

We review an order revoking community supervision, whether regular community supervision or deferred adjudication, under an abuse-of-discretion standard. *See Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). To justify revocation, the State must prove by a preponderance of the evidence that the defendant violated a term or condition of community supervision. *See Hacker*, 389 S.W.3d at 864-65. In this context, "'a preponderance of the evidence' means 'that the greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision].'" *Id*. at 865 (*quoting Rickels*, 202 S.W.3d at 764). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Id*. Proof of a single violation is sufficient to support a revocation of community supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

One of the conditions upon which the State sought to revoke Fenner's community supervision required Fenner to "work faithfully and satisfactorily participate in Community Service Project(s) by completing 320 hours of Community [S]ervice at a rate

of no less than 8 hours per calendar month…."  At the same time Fenner was placed on community supervision, he had also been sentenced to five years in prison for the offense of aggravated sexual assault of a child.  Fenner's probation officer acknowledged that Fenner was not required to complete any community service while he was in prison.  However, once Fenner was released from prison in July of 2015, he only completed 73 hours of community service.  According to the community supervision order, however, Fenner should have completed, at the minimum of 8 hours per month, 232 hours by the time the State's motion to proceed with an adjudication of guilt was filed.  Thus, the evidence is sufficient by a preponderance of the evidence that Fenner violated this condition of community supervision, and the trial court did not abuse its discretion in revoking Fenner's community supervision.

Because only one violation need be proved, we need not review Fenner's remaining complaints in this issue.  Accordingly, Fenner's first issue is overruled.

### JAIL TIME CREDIT

In his second issue, Fenner contends that the trial court erred in assessing only 694 days as credit toward his 20 year sentence.  Specifically, Fenner contends he should also receive credit for the time he served in prison for an aggravated sexual assault conviction.

Fenner pled guilty to and was convicted of one count of aggravated sexual assault of a child on the same date and during the same proceeding as when he pled guilty to and was placed on deferred adjudication community supervision for the underlying offense, indecency with a child, in this appeal.  On that same date, July 13, 2011, Fenner was sentenced in the aggravated sexual assault of a child conviction to five years in prison with 357 days credit for the time he served prior to the sentence.  Fenner served his prison

term and was released on July 15, 2015.

After Fenner's release from prison, the State filed a motion to adjudicate Fenner's guilt in December of 2017. This was the third motion to adjudicate filed by the State.[2] Due to a recusal of the trial court and the district attorney, a hearing on the motion was not held until June of 2018. Fenner was adjudicated guilty and at the end of the sentencing hearing, the trial court informed Fenner he would get credit for "any time allowed by law." After being asked by the trial court if either party had anything to say, both the State and counsel for Fenner declined the offer. A few moments later, the trial court stated, "694 is the number of days [credit] we have." At that time, counsel for Fenner responded, "Okay. Thank you."

At no time during the sentencing hearing or after sentencing did Fenner ask the trial court to award time credit for the time he spent in prison on the aggravated sexual assault conviction. Further, Fenner did not object to the amount of time credit he was given when the trial court pronounced his sentence and did not complain in his motion for new trial about the trial court's failure to award the additional credit.

Fenner has not argued that an error in assessing this type of jail time credit is fundamental error, and it does not appear that the type of credit he requested is an exception to the preservation requirement. *See Henson v. State*, 407 S.W.3d 764, 768 (Tex. Crim. App. 2013) ("The vast majority of errors must be preserved. It is informative to look at the few rights that warrant an exception to this rule. Waivable-only rights include the right to assistance of counsel, trial by jury, and a statutorily mandated right that

---

[2] It appears from the clerk's record that Fenner was confined for about 6 months due to the previous motions to adjudicate.

appointed counsel have ten days before trial to prepare. Absolute, systemic requirements include personal jurisdiction, subject-matter jurisdiction, and a penal statute's being in compliance with the separation of powers section of our state constitution."). Accordingly, because Fenner did not object or otherwise bring his complaint to the attention of the trial court, Fenner's second issue is not preserved for review and is overruled. *See* TEX. R. APP. P. 33.1.

**ATTORNEY'S FEES**

In his third and final issue, Fenner contends the evidence is legally insufficient to support the assessment of attorney's fees as cost because Fenner was indigent and no evidence was presented to the trial court at the adjudication hearing that Fenner was no longer indigent. The State concedes this issue. After a review of the record, we agree, in part, with Fenner and the State.

The payment of attorney's fees in the amount of $4,500 was listed as a part of the plea agreement included in the 2011 judgment and its repayment was also made a term and condition of Fenner's deferred adjudication community supervision. By being part of the plea agreement, that amount became an independent obligation in the order of deferred adjudication. We acknowledge that the attorney fee amount, while listed in the order as being a term of Fenner's plea bargain, was not included in the plea papers which Fenner signed and was not mentioned at the plea hearing as part of the plea bargain. If the judgment was in error because the agreement to pay the attorney's fees was not a term of the plea bargain, Fenner was required to appeal that portion of the assessed attorney's fees at that time. *See Riles v. State,* 452 S.W.3d 333 (Tex. Crim. App. 2015). *But*

*see Summers v. State*, 555 S.W.3d 844, 853-854 (Tex. App.—Waco 2018, no pet.). Thus, the inclusion of that amount, $4,500, when Fenner's community supervision was revoked and he was adjudicated guilty was proper. However, when the trial court adjudicated Fenner guilty, another $800 was added in the bill of cost to the amount of attorney's fees owed, for a total amount of appointed legal fees of $5,300, and added to the judgment as court costs. The record shows that Fenner's attorney had been appointed and there was no testimony or any other evidence presented at the adjudication hearing that Fenner had the ability to pay for his appointed attorney. Thus, we agree with Fenner and the State that it was error for the trial court to add $800 to the attorney's fees due under the prior judgment.

Pursuant to *Mayer v. State*, there was no evidence to support the assessment of $800 for court appointed attorney's fees as costs in the trial court's judgment adjudicating Fenner's guilt. *See Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010). Fenner's third issue is sustained in part and overruled in part.

**CONCLUSION**

Having found that the trial court erroneously assessed attorney's fees included in the costs of court, we modify the judgment to reduce the amount of $5,300 in court-appointed attorney's fees from the court costs assessed to $4,500. Having found no other reversible error, we affirm the judgment of the trial court as modified.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins[3]
Affirmed as modified
Opinion delivered and filed March 13, 2019
Publish
[CR25]



[3] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).