

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00397-CR

**TANZY JOSEPH DESHOTEL III,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 16-02919-CRF-361**

## MEMORANDUM OPINION

Tanzy Joseph Deshotel, III, was charged with aggravated assault with a deadly weapon. *See* TEX. PENAL CODE § 22.02(A)(2). An adjudication of guilt was deferred, and Deshotel was placed on community supervision for 5 years. Two years later, the State moved to adjudicate Deshotel guilty of the underlying offense. After a hearing, Deshotel was adjudicated guilty, and he was sentenced to 18 years in prison. Because the trial court did not err in adjudicating Deshotel guilty, the trial court's judgment is affirmed.

## BACKGROUND

The State moved to proceed to an adjudication of guilt on four violations of Deshotel's conditions of community supervision. Deshotel pled not true to each violation. The trial court found Deshotel violated Conditions (1) and (10), as follows:

- Condition (1): In that the Defendant, on or about March 28, 2019, did then and there intentionally and knowingly cause injury to [L.J.N.], a child 14 years of age or younger, by repeatedly slapping his face;

- Condition (10): In that the defendant failed to perform community service as directed.

## STANDARD OF REVIEW

We review an adjudication of guilt based on a violation of a term or condition of community supervision under an abuse-of-discretion standard. *See Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013); *Fenner v. State*, 571 S.W.3d 892, 894 (Tex. App.—Waco 2019, pet. ref'd). In this situation, the State must prove by a preponderance of the evidence that the defendant violated a term or condition of community supervision. *See Hacker*, 389 S.W.3d at 864-65; *Fenner*, 571 S.W.3d at 894. In this context, "'a preponderance of the evidence' means 'that the greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision].'" *Id.* at 865 (*quoting Rickels*, 202 S.W.3d at 764); *Fenner*, 571 S.W.3d at 894. The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Id.* Proof of a single violation is sufficient to support a judgment adjudicating guilt. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) ("proof of a single violation will support revocation"); *Smith v. State*, 286

S.W.3d 333, 342 (Tex. Crim. App. 2009) (reviewing an adjudication of guilt); *Fenner*, 571 S.W.3d at 894.

## COMMUNITY SERVICE

Because proof of a single violation of a term or condition of community supervision is sufficient to support an adjudication of guilt, we discuss Deshotel's third issue by which Deshotel contends the trial court abused its discretion in finding Condition 10 to be "true" because the State did not meet its burden and thus, the evidence was insufficient to support the finding.

Per the conditions of community supervision, Deshotel was required to perform 140 hours of community service, at least 10 hours a month, over the course of his 5-year term of supervision. As of the date of the adjudication hearing, he was given credit for 20 hours by completing BIPP (Battering Intervention and Prevention Program) but actually only completed an additional 12 hours since being placed on community supervision. He informed his supervision officer that he also completed 34 additional hours, but those could not be substantiated by his supervision officer because Deshotel did not turn in the necessary paperwork. Thus, those hours were not credited to Deshotel. Deshotel implied, through cross-examination of his supervision officer and testimony of Deshotel's family, that he could not perform community service because he had an arthritic disease and various other ailments. However, his family affirmed that he worked at whatever odd jobs he could find, including painting and mowing the lawn.

Thus, based on the record, the evidence is sufficient to show Deshotel did not complete community service, at the minimum of 10 hours a month, and the trial court

did not abuse its discretion in finding a violation of Condition 10. Deshotel's third issue is overruled, and we need not discuss his other issues.

## CONCLUSION

Because we have found the trial court did not abuse its discretion in finding a violation of a condition of community supervision, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Wright[1]
Affirmed
Opinion delivered and filed November 10, 2021
Do not publish
[CR25]



---

[1] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.