

# IN THE
# TENTH COURT OF APPEALS

_____

**No. 10-21-00094-CR**
**No. 10-21-00095-CR**

**GABRIEL ADAMEZ,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 66th District Court**
**Hill County, Texas**
**Trial Court No. 38,443**
**Trial Court No. 38,444**

_____

## MEMORANDUM  OPINION

_____

Gabriel Adamez appeals from two judgments that revoked his community supervision and sentenced him to prison. Adamez complains that the trial court abused its discretion by finding that Adamez tested positive for THC, abused its discretion by revoking his community supervision, and that the judgment contained errors that should be corrected. Because we find that the trial court did not abuse its discretion by revoking his community supervision, we affirm the judgments revoking his community

supervision. Because we further find that the judgments erroneously contained findings that Adamez pled "True" to the allegations, we modify the judgments to reflect that Adamez pled "Not True" to the allegations.

Adamez pled guilty in 2015 to the offenses of tampering with evidence and possession of a controlled substance, and was sentenced to ten years in prison, and two years in the state jail, respectively. Both sentences were suspended, and Adamez was placed on community supervision for five years in each case. Adamez's supervision was modified in 2016 to require him to attend and complete SAFPF and in March of 2020 to require him to attend private outpatient drug treatment at his own expense. In August of 2020, the State filed a motion to revoke Adamez's community supervision and amended the motion twice prior to the motion to revoke hearing, ultimately alleging violations of six separate conditions of community supervision. Adamez pled not true to each of the violations. After a hearing, the trial court found one violation to be not true but found the other five to be true, revoked Adamez's community supervision, and sentenced him to 9 years in prison for the tampering conviction and 22 months in the state jail for the possession conviction.

In his first issue, Adamez complains that the trial court abused its discretion by admitting evidence of a positive drug test in the revocation hearing because the results were not scientifically valid. In his second issue, Adamez complains that notwithstanding that the evidence was sufficient to support the other findings that he violated his community supervision, the trial court abused its discretion in doing so. In

his third issue, Adamez complains that the judgments are incorrect and should be modified to show that the violation relating to the positive drug test was not true pursuant to the first issue, and that he pled not true to each of the allegations.

We review an order revoking community supervision, whether regular community supervision or deferred adjudication, under an abuse-of-discretion standard. *See Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). To justify revocation, the State must prove by a preponderance of the evidence that the defendant violated a term or condition of community supervision. *See Hacker*, 389 S.W.3d at 864-65. In this context, "'a preponderance of the evidence' means 'that the greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision].'" *Id*. at 865 (*quoting Rickels*, 202 S.W.3d at 764). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Id.* Proof of a single violation is sufficient to support a revocation of community supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

The substance of Adamez's first issue is that there was insufficient evidence to make an affirmative finding on what Adamez characterizes as the primary basis for the motion to revoke, the drug test that was positive for THC. In his second issue, Adamez concedes that the evidence on at least some of the other grounds was sufficient to find them true. The substance of Adamez's second issue is that because the primary ground

was not proven and the other grounds were merely "technical violations" that we should review the revocation for an abuse of discretion, considering whether the other grounds justified revoking Adamez's community supervision or whether the trial court abused its discretion by failing to impose available lesser sanctions.

Essentially, Adamez invites this Court to revisit the well-established holding of this and other courts that if any ground for revocation is adequately proven and the trial court proceeds to revoke community supervision, the trial court has not abused its discretion. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision" (*quoting Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978)); *see also Fenner v. State*, 571 S.W.3d 892, 894 (Tex. App.—Waco 2019, pet. ref'd); *Davis v. State*, 591 S.W.3d 183, 189 (Tex. App.—Houston [1st Dist.] 2019, no pet.); *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet.). Adamez's invitation has a certain equitable appeal, essentially asking, if the only grounds before the trial court that were properly proven were the technical violations, would the trial court nevertheless have ordered community supervision revoked, or was the revocation based on the taint caused by evidence or discussion of the primary ground that was not adequately proven. However, the law is well-established that one proven ground, no matter how technical, will support the trial court's decision to revoke community supervision.

The question thus distilled is whether there should be a different standard for review, or possibly a different harm analysis, if upon appellate review, some of the grounds found by the trial court are determined to not be supported by the evidence. In effect, should the revocation be reversed or abated to allow the trial court to reevaluate the decision to revoke if the appellate court determines some of the grounds previously found by the trial court to be "true" were not adequately proven. Such a change in well-established law is not for this court to make, accordingly, we decline Adamez's invitation to do so.[1] Accordingly, Adamez's second issue is overruled.

**ERRORS IN THE JUDGMENT**

In his third issue, Adamez complains that the judgment contains several errors which he seeks to be corrected. First, Adamez contends that the finding that he tested positive for THC should be deleted because the trial court abused its discretion by finding the allegation to be true. The State disagrees that the finding should be deleted because it is not a clerical error, and the trial court did not err by finding the allegation to be true. We agree that the error was not a clerical error and should not be deleted on that basis.

Next, Adamez argues that the judgment's notation that he pled "True" to the allegations was erroneous because he pled "Not True." The State agrees that this notation is erroneous and should be modified to reflect that Adamez pled "Not True" to all of the allegations. We agree and will modify the judgment to reflect that Adamez pled "Not

---

[1] We note that the trial court could avoid the issue entirely by merely stating in the revocation order that community supervision would have been revoked on each ground found to be "True" regardless of the finding on any other ground.

True" to each of the allegations in the motion to revoke. *See Carmona v. State*, 610 S.W.3d 611, 618-19 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (Court of appeals has authority to reform an erroneous judgment when it has the necessary information to do so.). We overrule Adamez's third issue in part and sustain it in part.

## CONCLUSION

We find that the judgments should be modified to show that Adamez pled "not true" to each of the allegations in the motions to revoke community supervision. Otherwise, having found no reversible error, we affirm the judgments of the trial court.

TOM GRAY<br>
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Modified and affirmed as modified
Opinion delivered and filed August 24, 2022
Do not publish
[CR25]

