

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-22-00207-CR, 04-22-00208-CR & 04-22-00209-CR

Julius Earl **HARDEE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B20-016, B20-017 & B20-174
Honorable M. Rex Emerson, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Liza A. Rodriguez, Justice
                Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: July 31, 2023

AFFIRMED

Julius Earl Hardee appeals judgments adjudicating him guilty on two counts of aggravated

assault with a deadly weapon and one count of obstruction. He argues the evidence was insufficient

to support the trial court's finding that he violated the terms of his deferred adjudication

community supervision. We affirm.

---

[1] The Honorable Sandee Bryan Marion, Chief Justice (Retired) of the Fourth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

BACKGROUND

Hardee was charged by indictment with two counts of aggravated assault with a deadly weapon – enhanced and obstruction for threatening a witness – enhanced. *See* TEX. PENAL CODE § 22.02, 36.06. Hardee pled guilty to the charged offenses, and the trial court ordered seven years' deferred adjudication community supervision and a $2,500 fine on June 18, 2021. The accompanying order on community supervision provided, in pertinent part, the following condition: "commit no offense against the laws of this State, or any state or of the United States."

On October 1, 2021, the State moved to proceed to an adjudication of guilt in all three cases. Hardee, according to the State's second amended motion to proceed with adjudication, had violated the no-offense provision by committing the offenses of: (1) interfering with a September 27, 2021 emergency call; (2) family violence assault on September 27, 2021; (3) violation of a protective order on September 28, 2021; and (4) additional violations of a protective order by phone calls made between October 7, 2021 and October 29, 2021.[2]

During the hearing, the trial court read the alleged violations, and Hardee responded "not true" as to each. At the hearing's conclusion, during which the state called four witnesses, the trial court found the allegations true and adjudicated Hardee guilty in all three cases. The trial court then sentenced Hardee to thirty years' confinement in each case, to be served concurrently, with the Institutional Division of the Texas Department of Criminal Justice. Hardee now appeals.

DEFERRED ADJUDICATION COMMUNITY SUPERVISION

Hardee contends the evidence was insufficient for the trial court to find he violated the no-offense provision when he: (1) interfered with an emergency request for assistance; (2) committed family violence assault; and (3) violated the protective order on September 28, 2021 and from

---

[2] The State also moved on a violation of the no alcohol condition, but the trial court did not rule on it, and it is not raised by either party. *See* TEX. R. APP. P. 33.1, 47.1.

October 7, 2021 to October 29, 2021. The State does not dispute the evidence was insufficient to prove Hardee interfered with an emergency request for assistance or he violated the protective order from October 7, 2021 to October 29, 2021. We therefore limit our review to whether the evidence was sufficient for the trial court to conclude Hardee committed family violence assault and violated the protective order on September 28, 2021.

## A. The Law

To justify the revocation of deferred adjudication community supervision, the State is required to prove a violation of a term or condition of the deferred adjudication community supervision by a preponderance of the evidence. *See Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013); *Fenner v. State*, 571 S.W.3d 892, 894 (Tex. App.—Waco 2019, pet. ref'd); *see also* TEX. CODE CRIM. PROC. arts. 42A.108(b), .751(d). The preponderance of the evidence standard is met if the "greater weight of the credible evidence . . . would create a reasonable belief" the defendant violated a condition of his deferred adjudication community supervision. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006) (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). The trial court "is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Hacker*, 389 S.W.3d at 865. Proof of a single violation is sufficient. *See, e.g.*, *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

We review a trial court's decision on a motion to proceed with adjudication and to revoke deferred adjudication community supervision for an abuse of discretion. *See Tapia v. State*, 462 S.W.3d 29, 41 n.14 (Tex. Crim. App. 2015); *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012)). In determining whether the evidence is sufficient, we consider the combined and cumulative force of all the evidence and view such evidence in the light most favorable to the judgment. *See, e.g.*, *Hacker*, 389 S.W.3d at 873; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim.

App. [Panel Op.] 1981); *Bell v. State*, 554 S.W.3d 742, 746 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd); *see also Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd) (providing factual sufficiency review inapplicable to revocation proceedings).

### B. Analysis

Turning to the sufficiency of the evidence regarding the alleged family violence assault offense, Hardee argues the evidence is insufficient because his actions were accidental and he otherwise acted in self-defense.[3]

A person commits family violence assault if they "intentionally, knowingly, or recklessly cause[] bodily injury" to a person (1) they had a dating relationship with, (2) who was a former spouse, or (3) who resided in the same household with them.[4] *See* TEX. PENAL CODE § 22.01(a)(1), (b)(2). In addition, the State must show the defendant was previously convicted of criminal homicide pursuant to chapter 19, kidnapping, aggravated kidnapping, indecency with a child, or continuous violence against the family. *Id.* §§ 22.01(b)(2)(A), 25.11(a).

For self-defense, "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE § 9.31(a). When a defendant claims self-defense, "the defendant bears the burden to produce evidence supporting the defense, while the State bears the burden of persuasion to disprove the raised issues." *Braughton v. State*,

---

[3] Hardee further contends the evidence shows he was provoked and that provocation should move the court to conclude he did not commit the assault in question. However, as the authority cited by Hardee shows, the provocation doctrine does not apply here because it only applies to *forfeit* the right to self-defense where a defendant provoked another to make an attack on them in order to provide the defendant with pretext to harm the other. *See Smith v. State*, 965 S.W.2d 509, 512 (Tex. Crim. App. 1998); *see also* TEX. PENAL CODE § 9.31(b)(4) (providing for self-defense, defendant's belief that force was immediately necessary is presumed reasonable if defendant *did not* provoke person against whom force was used).

[4] A person acts at least recklessly in causing bodily injury when the person is aware of but consciously disregards a substantial and unjustifiable risk the result will occur. TEX. PENAL CODE § 6.03(c). "Bodily injury" means "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8).

569 S.W.3d 592, 608 (Tex. Crim. App. 2018). In a revocation proceeding, the State's burden of persuasion countering the self-defense theory is by a preponderance of the evidence. *See Simpson v. State*, 591 S.W.3d 571, 577 (Tex. Crim. App. 2020); *see also* 43A GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 48.69 (3d ed. 2011) ("[A] claim of self-defense . . . should be recognized as a defense in a revocation proceeding. The sole difference [from a traditional criminal proceeding] should be that the burden on the State respecting exceptions and defenses should be a preponderance of the evidence, as required for each element of the offense in a revocation proceeding, rather than beyond a reasonable doubt." (footnotes omitted)). Whether the defendant established he acted in self-defense is a question for the factfinder to decide and a finding the defendant violated the condition is an implicit finding rejecting the defendant's self-defense theory by a preponderance of the evidence. *See Braughton*, 569 S.W.3d at 609; *Dearborn v. State*, 420 S.W.3d 366, 373 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Jennifer Guffey, who Hardee was living with, testified at the hearing Hardee came home from work around 8 p.m. and kept "saying stuff," was arguing with her, and was angry because there was trash on the floor; she further testified he implied she was "white trash." Guffey also testified she "got up in his face in the bathroom," and she pushed his chest. According to Guffey, Hardee said "that hurt" and then "just went off." She elaborated he then pushed her against the dryer and the washer, even though at that point in time, she had walked out of the bathroom and was no longer acting aggressively toward him. She further testified Hardee pulled her hair when he was pushing her against the dryer. The State introduced photographs and the trial court admitted them into evidence without objection. The photographs depicted a "little bit of blood" on her scalp that developed after Hardee pulled her hair out. When asked if Hardee had actually grabbed her hair in reaction to falling or maybe trying to just get away from her, Guffey agreed he probably

did grab her hair for one of those reasons. She further testified the photograph showing "a little bit of blood/contact wound" on the inside of her right elbow developed after Hardee pushed her against the dryer.

Finally, she testified the photograph showing a "red abrasion streak" on her left arm below her shoulder was caused by Hardee "slapping at [her]" with a "wet rag" or "towel." When asked if she was "up in his face" when he swung the towel, she testified in the affirmative. She testified Hardee never punched her, and the incident was the first time he ever assaulted her. She also testified she believed he was trying to hurt her, each of the injuries caused her pain, and she was concerned for her safety. Finally, Guffey testified she did not want to have Hardee prosecuted and signed affidavits of non-prosecution.

Kerr County Sheriff's Office Deputy Eric Graham testified he received a call to report to 3196 Junction Highway. There, he spoke to Guffey, took a statement from her, and photographed her injuries; she was "real nervous" and "couldn't think 100 percent clearly at the time." He testified Guffey requested a protective order.

Deputy Graham then traveled to Hardee and Guffey's home. He detained Hardee in his patrol unit, Mirandized him, and asked him about the incident. A shortened video showing Hardee's discussion with Deputy Graham was admitted into evidence. The video shows Hardee telling Deputy Graham it was Guffey who lost control, and he took her phone from her because he knew she was going to call 911 for "no reason." Deputy Graham also testified Hardee had a couple of scratch marks on his right cheek.

Todd Burdick—198th District Attorney's office employee—testified he was a custodian of jail telephone call recordings. He further testified he listened to Hardee's jail calls on September 27-28, 2021, and December 25, 2021, which were admitted into evidence without objection. During the calls, Guffey told Hardee she called the police because Hardee was "beating [her] up."

Hardee was heard instructing Guffey to inform authorities they had had a misunderstanding, she did not want to see him remain incarcerated, and she wanted to drop the charges.

Considering the combined and cumulative force of all the evidence and viewing the evidence in the light most favorable to the trial court's ruling, the trial court—as the sole judge of the credibility of the witnesses and the weight given to their testimony—could have found by a preponderance of the evidence Hardee violated the no-offense provision of his deferred adjudication community supervision. *See Hacker*, 389 S.W.3d at 865. Specifically, the trial court could have found the greater weight of the credible evidence created a reasonable belief Hardee intentionally, knowingly, or recklessly caused bodily injury to Guffey.[5]

The trial court's adjudication of guilt was an implicit finding the greater weight of the credible evidence created a reasonable belief Hardee was not acting in self-defense. *See Simpson*, 591 S.W.3d at 577; *Braughton*, 569 S.W.3d at 609; TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 48.69. Considering the combined and cumulative force of all the evidence and viewing the evidence in the light most favorable to the trial court's ruling, the trial court could have found the greater weight of the credible evidence created a reasonable belief Hardee was not acting to protect himself from Guffey after she pushed him, but was intentionally, knowingly, or recklessly causing her bodily injury when he pulled her hair out, pushed her against the dryer, and slapped her with a rag or towel. *See* TEX. PENAL CODE §§ 9.31, 22.01(a)(1), (b)(2).

Accordingly, we conclude the trial court did not abuse its discretion by proceeding to an adjudication of guilt and revoking Hardee's deferred adjudication community supervision. *See*

---

[5] Hardee does not dispute the sufficiency of the evidence as to the family violence elements. *See* TEX. PENAL CODE § 22.01(a)(1), (b)(2). We therefore do not consider them. *See* TEX. R. APP. P. 47.1; *see also Garcia*, 387 S.W.3d at 26 (explaining proof of one violation is sufficient to terminate deferred adjudication community supervision).

*Tapia*, 462 S.W.3d at 41 n.14; *Leonard*, 385 S.W.3d at 576; *see also* TEX. CODE CRIM. PROC. arts.

42A.108(b), .751(d). We overrule Hardee's second point of error.[6]

CONCLUSION

The judgments adjudicating Hardee guilty are affirmed.

Luz Elena D. Chapa, Justice

Do Not Publish

---

[6] Because we conclude the trial court did not abuse its discretion by proceeding to an adjudication of guilt and revoking Hardee's deferred adjudication community supervision, we need not consider whether the evidence was sufficient for the trial court to find by a preponderance of the evidence Hardee violated the protective order on September 28, 2021. *See* TEX. R. APP. P. 47.1.