

# IN THE
# TENTH COURT OF APPEALS

### No. 10-24-00015-CR
### No. 10-24-00016-CR

**DAMIEN PRUITT, SR.,**

        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

        **Appellee**

**From the 85th District Court**
**Brazos County, Texas**
**Trial Court Nos. 18-01286-CRF-85**
**and 20-01387-CRF-85**

## MEMORANDUM OPINION

Damien Pruitt, Sr. pled guilty to two separate charges of theft and was sentenced to two years confinement in State Jail, probated for five years, in each case. The State filed motions to revoke in both cases, and a hearing was held on both motions. After the hearing, the trial court found that Pruitt violated many of the conditions of his community supervision, revoked his community supervision, and sentenced Pruitt to

two years in State Jail for each offense. Because the trial court did not abuse its discretion in revoking Pruitt's community supervision, the trial court's judgments are affirmed.

We review a decision to revoke community supervision for an abuse of discretion. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Hacker*, 389 S.W.3d at 864-65; *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Further, the violation of a single condition of community supervision is sufficient to support a revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision."). Thus, in order to prevail on appeal, an appellant must successfully challenge all the findings that support the revocation order. *See Fenner v. State*, 571 S.W.3d 892, 894 (Tex. App.—Waco 2019, pet. ref'd); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

The trial court found Pruitt violated Conditions 1, 4, 10, 25, and 64, and parts of Conditions 11, 18, and 24 in trial court case number 18-01286-CRF-85, appellate case number 10-24-00015-CR. The trial court also found that Pruitt violated Conditions 1, 4, 10, and 64 and parts of Conditions 11 and 18 in trial court case number 20-01387-CRF-85, appellate case number 10-24-00016-CR. Pruitt only challenges the court's finding of true as to violating Condition 1 in each case, "[c]ommit no offense against the laws of this State or of any other State or of the United States," contending that the trial court erred in considering testimony concerning surveillance video. He does not challenge the trial

court's finding of true to violating any other Condition. Accordingly, because Pruitt does not challenge those findings, the trial court did not abuse its discretion in revoking Pruitt's community supervision.

Pruitt's sole issue in each appeal is overruled. The trial court's Judgment Revoking Community Supervision in trial court case number 18-01286-CRF-85, signed on January 19, 2024, and the trial court's Judgment Revoking Community Supervision in trial court case number 20-01387-CRF-85, signed on January 19, 2024, are affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Johnson, and
 Justice Smith
Affirmed
Opinion delivered and filed September 26, 2024
Do not publish
[CR25]

