

# NUMBER 13-24-00153-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**PAUL RAYMOND ENGLE,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

## ON APPEAL FROM THE 347TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

---

## MEMORANDUM OPINION

### Before Justices Silva, Peña, and Fonseca
### Memorandum Opinion by Justice Fonseca

Appellant Paul Raymond Engle pled guilty, pursuant to a plea bargain agreement, to one count of continuous family violence, a third-degree felony, and one count of family-violence assault by impeding breath or circulation, a third-degree felony, in trial court cause number 20FC-1842H. *See* TEX. PENAL CODE ANN. §§ 22.01(b)(2)(B), 25.11(e). Appellant was placed on deferred adjudication community supervision, which the trial court subsequently revoked and thereafter adjudicated him guilty of the offenses. He was

sentenced to a term of ten years' confinement. In two issues, which we reorganize, appellant argues 1) there was insufficient evidence to support revocation of his community supervision, and 2) the trial court erred by admitting a recording of a 911 call over his hearsay objection. We affirm.

## I. BACKGROUND

On April 23, 2020, a grand jury indicted appellant for incidents of domestic violence alleged to have occurred on April 2, 2019, and June 24, 2019. He was indicted for one count of continuous family violence and one count of assault against a family member by impeding breathing or circulation. *See id.* On February 22, 2022, he pled guilty to both offenses pursuant to a plea agreement with the State of Texas (the State). Pursuant to the agreement, the trial court placed appellant on five years' deferred adjudication community supervision. *See* TEX. CODE CRIM. PROC. art. 42A.101. The terms of his community supervision included but were not limited to: committing no further crimes, reporting to a probation officer, reporting changes of his residence or job status, observing a nightly curfew, completing community service hours, and paying a variety of fees.

On the evening of November 25, 2023, appellant allegedly sexually assaulted his wife, Sara Engle. She called 911 to report his crime on the same day, and a recording was made of her call. Due to this incident, on December 5, 2023, the State filed its original Motion to Revoke Probation. On January 23, 2024, appellant allegedly assaulted Sara. Appellant was arrested on February 6, 2024. The alleged violations of community supervision included the following: the November 2023 sexual assault (1a), the January 2024 bodily assault (1b), failing to report a change of residence (8), failure to pay various fees (10d and 10e), failing to pay for batterer's intervention and prevention (BIPP)

2

program counseling (20f), failing to complete community service hours (21c), and failing to observe curfew (21d).

On March 7, 2024, the trial court conducted a hearing. Appellant pled true to probation condition violations 10d, 10e, 20f, and 21c, and contested probation condition violations 1a, 1b, 8, and 21d.

Sara testified that on November 25, 2023, she was washing dishes when she and her husband started arguing about her alleged infidelity. He then grabbed her shoulder and "then took his other hand and he shoved it up [her] vagina." After he walked away, she demanded he leave their home and called 911. A recorded 911 call features Sara describing appellant's alleged sexual assault. Sara can be heard on the call crying and shouting at appellant to leave. The call ended as Sara described that appellant left the property. Defense counsel objected to entry of the call into evidence as hearsay. The trial court admitted the call recording over the hearsay objection, holding the call to be an excited utterance. *See* TEX. R. EVID. 803(2).

Sara also testified that on January 24, 2024, she discussed "co-parenting" with appellant before having him take her children from a prior relationship to school. She testified that after he took "an hour and 15 minutes" to return with her vehicle, she asked him to "leave the apartment and don't come back." She alleged that appellant refused and then "cut the patio screen open" and proceeded to knock her out of her chair, grab her by the throat, and choke her for "[a] good 15 seconds."

Appellant testified that he did not intentionally touch Sara on November 2023 and that any touching was accidental. As to the January 2024 incident, he testified that Sara came at him with a knife, that he did not choke her, and that he entered the house only

3

to take his belongings and leave. He claimed he did not return her car keys because he needed to get away from the "toxic" situation and called his probation officer immediately after the incident.

At the conclusion of testimony, the State withdrew probation condition violations 8 and 21d. The trial court also found probation condition violations 1a and 1b true and revoked Engle's community supervision, adjudicated him guilty of the underlying offenses, and sentenced him to a term of ten years at the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II. SUFFICIENCY OF EVIDENCE

Appellant complains of two issues on appeal. First, he contends that the trial court erred by admitting the 911 call under the excited utterance hearsay exception. *See* TEX. R. EVID. 803(2). Second, he contends that there was insufficient evidence to find that he violated the community supervision conditions and to support his ten-year sentence. As the trial court's revocation of community supervision can be supported if even one alleged violation has sufficient evidence, we will first examine the sufficiency issue. *See Dansby v. State*, 398 S.W.3d 233, 241 (Tex. Crim. App. 2013); *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision."); *see also Miranda v. State*, No. 13-19-00314-CR, 2020 WL 5050637, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 20, 2020, no pet.) (mem. op., not designated for publication); *Perez v. State*, No. 13-14-00300-CR, 2015 WL 4234236, at *4 (Tex. App.—Corpus Christi–Edinburg July 9, 2015, no pet.) (mem. op., not designated for publication).

4

**A.      Standard of Review**

Defendants are not entitled to community supervision, but nor should it be withdrawn arbitrarily. *See Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012) (citing *DeGay v. State*, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987)). Defendants are owed due process of law in revocation of community supervision cases. *See id*. Therefore, to revoke probation, the trial court only "has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision." *Id*.

This standard is met when "the greater weight of the evidence creates a reasonable belief that the defendant committed the violation alleged in the State's motion to revoke." *Aguilera v. State*, 692 S.W.3d 788, 790 (Tex. App.—Corpus Christi–Edinburg 2024, no pet.) (citing *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)). We use the abuse of discretion standard when reviewing an order revoking community supervision. *Id*. (citing *Rickels*, 202 S.W.3d at 763). In these cases, "the trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Hacker*, 389 S.W.3d at 865 (citing *Davila v. State*, 547 S.W.2d 606, 609 (Tex. Crim. App. 1977)).

**B.      Analysis**

A plea of true alone is sufficient to support revocation of community supervision. *Perry v. State*, 367 S.W.3d 690, 693 (Tex. App.—Texarkana 2012, no pet.); *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.); *see also Gonzalez v. State*, No. 13-14-00308-CR, 2015 WL 4140667, at *2 (Tex. App.—Corpus Christi–Edinburg July 9, 2015, pet. denied) (mem. op., not designated for

publication). Further, a trial court may revoke community supervision for a violation of any condition, including any single "technical" condition. *Nurridin v. State*, 154 S.W.3d 920, 924 (Tex. App.—Dallas 2005, no pet.)). Texas courts have upheld a revocation of community supervision on a violation of a single community service requirement. *See Fenner v. State*, 571 S.W.3d 892, 894 (Tex. App.—Waco 2019, pet. denied) (evidence sufficient to support revocation where defendant did not complete the minimum eight hours per month).

Appellant pled true to violations of conditions 10d, 10e, 20f, and 21c. He argues on appeal that such violations are "technical violations" and that without the trial court's findings as to 1a and 1b, he would not have been sent to prison. Appellant's speculations as to the trial court's exercise of discretion are not a sufficient basis for this Court to reverse the trial court's judgment. Appellant conceded that he had not followed the community service requirements when he pled true to violation of condition 21c. That plea alone is sufficient for this Court to uphold the trial court's revocation of community supervision. *See id.*; *Gonzalez*, 2015 WL 4140667, at *2. Likewise, as to conditions 10d, 10e, and 20f, appellant has presented no authority supporting that revocation would be inappropriate after his concession to his violation of his obligation to pay for various court fees and for BIPP counseling.

The violations of 10d, 10e, 20f, and 21c alone are sufficient to justify revocation of appellant's community supervision. *See Dansby*, 398 S.W.3d at 241; *Garcia*, 387 S.W.3d at 26; *Smith*, 286 S.W.3d at 342; *Nurridin*, 154 S.W.3d at 924. We do not reach whether violations of conditions 1a and 1b were supported by sufficient evidence. Even if not supported by sufficient evidence, such error would be harmless. *See* TEX. R. APP. P.

6

44.2(b), 47.1 (providing that we must "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal"). Appellant's first issue is overruled.

### III.    IMPROPER ADMISSION OF EVIDENCE

As we have already determined that appellant's plea conceding that he violated multiple conditions of his community supervision is sufficient to affirm the trial court's revocation of community supervision, we do not reach whether the admitted 911 call was hearsay. *See* TEX. R. APP. P. 47.1. Texas Rule of Appellate Procedure 44.2(b) states that all nonconstitutional errors that do "not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). "Error affects substantial rights only if the error had a substantial and injurious effect or influence" on the outcome. *Boudreaux v. State*, 631 S.W.3d 319, 333 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (citing *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018)). Because the trial court's revocation of appellant's community supervision is supported by his plea admitting that he violated conditions 10d, 10e, 20f, and 21c, his substantial rights were not affected by admission of the 911 call. Even if the admitted call constituted hearsay, such error is harmless and must be disregarded. *See* TEX. R. APP. P. 44.2(b). We overrule appellant's second issue.

### IV.    CONCLUSION

We affirm the trial court's judgment.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
17th day of April, 2025.

7